IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-17-493 |
| | * | |
| JAMES RONNELL DAVIS, | | |
| Defendant. | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

Defendant James Ronnell Davis is currently in custody at the D.C. Jail pending sentencing in this matter. Pending before the Court is Mr. Davis' Emergency Motion for Immediate Transfer to Home Confinement. ECF No. 209. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Davis' Emergency Motion for Immediate Transfer to Home Confinement is denied.

### I. BACKGROUND

On September 25, 2017, a grand jury for the District of Maryland returned an Indictment charging Mr. Davis with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Three); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Four). ECF No. 1. On September 28, 2017, Mr. Davis made his initial appearance in front of Magistrate Judge Timothy J. Sullivan, ECF No. 9, who signed an Order Setting Conditions of Release, ECF No. 10. Mr. Davis was released on a two hundred thousand dollar unsecured bond. *Id.*

On October 4, 2018, during a Pre-Trial Hearing, the government made an oral motion to revoke Mr. Davis' bond based on allegations that he had attempted to influence a trial witness in violation of his conditions of release. The Court granted that motion and ordered Mr. Davis detained pending trial. ECF No. 113. Mr. Davis' trial began on October 23, 2018, ECF No. 123, and he was found guilty on all four counts in the Indictment on November 8, 2018, ECF No. 139. On November 21, 2018, Mr. Davis filed a Motion for New Trial Pursuant to Rule 33, which remains pending as a result of multiple requests for continuance and Mr. Davis' change of counsel. ECF No. 147. The Court's most recent Scheduling Order set Mr. Davis' new trial motion and sentencing hearing for March 23, 2020, ECF No. 194, but that hearing has been postponed to a currently unspecified date pursuant to the District Court's Standing Order 2020-05.[1]

On March 24, 2020, Mr. Davis filed an Emergency Motion for Immediate Transfer to Home Confinement, ECF No. 209, which he supplemented that same day, ECF No 210. The Government filed a response on March 30, 2020, ECF No. 211, and Mr. Davis filed a reply that same day, ECF No. 212.

## II. DISCUSSION

Mr. Davis asks the Court to release him to home confinement given the danger posed by the COVID-19 pandemic to individuals who are incarcerated. ECF No. 209. He has provided the Court with a multitude of sources regarding the nature of the pandemic, including a declaration regarding the D.C. Department of Corrections' ("DOC") response to the pandemic, ECF No.

---

[1] Standing Order 2020-05 addresses the District of Maryland's response to the current COVID-19 pandemic, for which the Governor of the State of Maryland has declared a state of emergency and the Centers for Disease Control and Prevention and other public health authorities have advised taking precautions to reduce the possibility of exposure to the virus and to slow the spread of the disease. The Standing Order postpones all court proceedings originally scheduled to take place before April 24, 2020 until further Order of the Court.

210-1, and a March 29, 2020 press release from the Fraternal Order of Police/Department of Corrections Labor Committee (the "Union") expressing its concerns about the DOC's handling of the pandemic, ECF No. 212-1.

The Court "recognize[s] the unprecedented magnitude of the COVID-19 pandemic." *United States v. Martin*, No. PWG-19-140-14, ECF No. 209 at 4 (D. Md. Mar. 17, 2020).[2] Virtually every sector of public life has been affected, *see United States v. Williams*, No. PWG-13-544, ECF No. 94 at 3 (D. Md. Mar. 24, 2020), and this is a rapidly involving event about which the Court is continually learning as much information as possible, *see United States v. Gibson-Bey*, No. RDB-19-563, ECF No. 26 at 3 (D. Md. Mar. 31, 2020). A variety of sources have provided the Court with relevant information, some of which has been conflicting, but the Court has done its best "to get the most accurate picture of conditions 'on the ground,' often consulting with multiple sources, multiple times per day." *Id.*

Against this backdrop, the Court is still guided by the Bail Reform Act, 18 U.S.C. § 3143, in determining whether to release an individual who has been found guilty of an offense and is awaiting sentencing. Section 3143 provides that a person awaiting sentencing for certain specified offenses, including offenses for which Mr. Davis was convicted, "shall" be detained unless there is a substantial likelihood that a motion for acquittal or new trial will be granted or an attorney for the government has recommend that no sentence of imprisonment be imposed. 18 U.S.C. § 3143(a)(2). Even then, the Court can only release a defendant if it "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." *Id.* §§ 3143(a)(1), (2)(B). The Court considers a variety of factors in determining whether a defendant poses a danger to the community, including "the nature and

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

3

circumstances of the offense charged, including whether the offense is a crime of violence … or involves a … controlled substance [or] firearm"; "the weight of the evidence against the person"; "the history and characteristics of the person …"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g).

Here, even if Mr. Davis could show that there is a substantial likelihood that his Motion for New Trial will be granted, he cannot establish by clear and convincing evidence that he is not a danger to the community. Mr. Davis was found guilty of conducting a large-scale drug trafficking operation responsible for distributing hundreds of kilograms of cocaine and other drugs in the District of Maryland. He also possessed a firearm while conducting this operation, and the Court heard evidence regarding his attempts to influence a trial witness, which resulted in the revocation of his bond. He now faces a mandatory minimum sentence of fifteen years' imprisonment. Under these circumstances, the Court cannot conclude that there is clear and convincing evidence that Mr. Davis' release would not pose a serious danger to the community or that he is not a flight risk.

It certainly should be noted that Mr. Davis' health and the COVID-19 public health emergency are factors that this Court has considered in determining the appropriate resolution of this motion. And the Court certainly has concern for Mr. Davis, and for all others both inside and outside of our local detention facilities, as we all grapple with COVID-19. Nonetheless, these concerns alone are insufficient to trigger the release of an individual who this Court has determined poses a threat to the safety of the community, particularly given proffers by the Government that the correctional and medical staff within the Department of Corrections ("DOC") are implementing comprehensive precautionary and monitoring practices sufficient to protect detainees from exposure to the COVID-19 virus, *see Martin*, No. PWG-19-140-14, ECF

No. 209 at 8, and, additionally, that they are equipped to handle Mr. Davis' medical needs should any issues arise. After weighing these considerations, the Court concludes that Mr. Davis must remain detained pending sentencing in this case.

## III. CONCLUSION

For the foregoing reasons, it is ordered by the United States District Court for the District of Maryland that Mr. Davis' Emergency Motion for Immediate Transfer to Home Confinement, ECF No. 209, is **DENIED**.

Date: <u>April    1, 2020</u>   <u>   /s/                                    </u>
GEORGE J. HAZEL
United States District Judge